UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CHAMBERS,

    Plaintiff,

v.                                                    Hon. Robert J. Jonker

CITY OF HOLLAND,                         Case No. 1:23-cv-240

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff filed his complaint in this action on March 9, 2023, against the City of Holland. He alleges claims pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Having granted Plaintiff's motion to proceed as a pauper (ECF No. 5), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, I recommend that Plaintiff's complaint be dismissed because it fails to state a claim upon which relief may be granted. More specifically, it is barred by the doctrine of claim preclusion.

    Plaintiff alleges in his complaint that several of his constitutional rights were violated during the proceedings in Case No. HL-20-86114-OM. For example, he alleges that the witness against him was not present at trial; the court erred in a ruling permitting hearsay testimony; and his freedom of speech was not properly considered at trial. Plaintiff requests $500,000 in compensatory damages and $500,000 in punitive damages. (*Id.* at PageID.1–2.)

    This is not Plaintiff's first action against the City of Holland in this Court asserting constitutional violations arising out of Case No. HL-20-86114-OM. In Case No. 1:21-cv-123, he sued the City, as well as the judge and the city attorney involved in Case No. HL-20-86114-OM.

The Court dismissed Plaintiff's claims on the grounds that they were barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), and his claims against the judge and the City Attorney were barred by absolute judicial immunity and prosecutorial immunity. Case No. 1:21-cv-123, ECF No. 7 at PageID.20. Approximately eight months later, Plaintiff filed case No. 1:21-cv-842 against People of the State of Michigan (construed as the State of Michigan) and the City of Holland. Plaintiff again alleged violations of his rights in Case No. HL-20-86114-OM. He also requested that "these false charges [be] expunged" and sought $1 million in both compensatory and punitive damages. Case No. 1:21-cv-842, ECF No. 1 at 2. The Court again dismissed Plaintiff's *Heck*-barred claims without prejudice and dismissed his claims against the State of Michigan and the City with prejudice. *Id.*, ECF No. 7.

Plaintiff's present claims against the City are barred by the doctrine of claim preclusion. Claim preclusion is an affirmative defense, and "[c]ourts generally lack the ability to raise an affirmative defense sua sponte." *Hutcherson v. Lauderdale Cnty.*, 326 F.3d 747, 757 (6th Cir. 2003) (citing *Haskell v. Wash. Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)). The Supreme Court has explained, however, that

> "if a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste."

*Arizona v. California*, 530 U.S. 392, 412 (2000), *supplemented*, 531 U.S. 1 (2000) (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980)); *see also Stinger v. Lennox*, No. 17-10998, 2018 WL 5095047, at *4 (E.D. Mich. Aug. 27, 2018), *report and recommendation adopted*, 2018 WL 4443176 (E.D. Mich. Sept. 18, 2018) (concluding that the court could sua sponte raise issue preclusion because it was on notice of its prior decision precluding the plaintiff from contesting his failure to exhaust administrative remedies). Res judicata, or more precisely here, claim

2

preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). The elements claim of preclusion are: (1) a final decision on the merits in the first action by a court of competent jurisdiction; (2) a second action between the same parties or their privies; (3) an issue is raised in the second action that was actually litigated or should have been litigated in the first action; and (4) an identity of claims between the two actions. *Heike v. Central Mich. Univ. Bd. of Trs.*, 573 F. App'x 476, 480 (6th Cir. 2014) (citing *Sanders Confectionery Prods., Inc. v. Heller Fin. Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)).

All of the elements of claim preclusion are satisfied in this case. First, in Case No. 1:21-cv-842, the Court issued a final decision on the merits dismissing Plaintiff's claims against the City with prejudice. Plaintiff did not seek reconsideration of, nor did he appeal, that judgment. Second, the action is between the same parties: Plaintiff and the City. Third, this action involves the same issues Plaintiff raised against the City in Case No. 1:21-cv-842, namely, constitutional violations that occurred during the proceedings in Case No. HL-20-86114-OM. In fact, Plaintiff raised the same issues in the former case that he raises here, including the absence of the victim-witness at trial, deprivation of due process, the trial court's erroneous ruling permitting hearsay testimony, and violation of Plaintiff's First Amendment rights. Fourth, there is an identity of claims, as both actions asserted claims under Section 1983 for the alleged violations.

Accordingly, the doctrine of claim preclusion bars this action. *See Phifer v. Moneymaker*, No. 23:19-CV-149, 2019 WL 3416666, at *1–2 (E.D. Tenn. July 29, 2019) (dismissing action as barred by claim preclusion on screening pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Jennings v. McQueeny*, No. 1:16-cv-1218, 2016 WL 6573984, at *2–3 (W.D. Mich. Nov. 7, 2016) (same).

## CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's complaint against the City of Holland be **dismissed with prejudice**. The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: March 16, 2023

       /s/ Sally J. Berens
       SALLY J. BERENS
       U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).